# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

ROBERT LYMAN, JR., Appellant, *vs.* LEO KAUL *et al.*
Appellees.

*Opinion filed October 24, 1916.*

1. WILLS—*meaning of section 7 of Statute of Wills.* Section 7 of the Statute of Wills, which provides that on the trial of a case to contest a will which has been admitted to probate "the certificate of the oath of the witnesses at the time of the first probate shall be admitted as evidence," means the certificate of oath of the subscribing witnesses to the will required by section 2 of the statute, and it is not intended to authorize the admission in evidence of a transcript of the testimony of the other witnesses heard on the trial in the circuit court on appeal from the order denying probate.

2. SAME—*parties to will contest entitled to trial by jury.* The parties to a will contest are entitled to a trial by jury if they so desire, but they may waive this right and by agreement try the case before the court.

3. SAME—*when testimony as to strength of character of testator is not admissible.* Testimony of witnesses that the testator was a man of strong character and will and not easily influenced is not the statement of a fact but the expression of the opinions of the witnesses and is incompetent.

4. SAME—*when declarations of testator as to the disposal of his property are admissible.* Statements made by the testator, both before and after the will is made, as to how he intends to dispose

of and how he has disposed of his property are admissible on behalf of the proponents of the will upon the issue of undue influence, but they are not competent to invalidate the will on the ground of want of testamentary capacity.

5. SAME—*when statements by chief beneficiary after a will is made are admissible.* Statements by the chief beneficiary of a will, in the presence of the testator, greatly derogatory to the moral character of the wife of the testator's son and only child, whom he practically disinherited, are admissible when made before the execution of the will as tending to show undue influence, and similar statements by her after the will was made are also admissible, as tending to show the continuance of such influence to prevent the revocation of the will.

6. SAME—*when statements of a beneficiary are admissible as against interest.* Declarations by the principal beneficiary tending to sustain the contestant's claim of undue influence by her in procuring the will are admissible as being against her interest, and the facts that there is another legatee who received a small bequest and that it is the duty and to the interest of the executors to sustain the will do not bring the case within the rule that the declarations of one devisee cannot be received in evidence against the right of others who take under the same will.

7. EVIDENCE—*what evidence not admissible against one suing as heir.* In a will contest proceeding by an heir against the executors and the chief devisee, the defendants are disqualified, under section 2 of the Evidence act, to testify in their own behalf to facts occurring before the death of the testator, and the provision of the first exception to section 2, relating to testimony as to facts occurring after a ward or heir has attained his majority, does not remove the disqualification.

8. ATTORNEY AND CLIENT—*counsel have no authority to waive legal rights of clients without their consent.* While counsel employed to represent a party to a suit have power and authority to enter into agreements and stipulations, they have no authority to waive, contrary to their client's directions, legal rights guaranteed him by law, such as the right of trial by jury; but a client will not be heard to complain if, upon learning of such waiver of trial by jury, he makes no effort to have the waiver set aside.

9. PRACTICE—*when court should set aside a waiver and grant trial by jury.* The court should set aside a waiver of trial by jury and grant the party's motion for a jury trial where it appears from his affidavit and motion that the waiver was made by his counsel without his knowledge and contrary to his agreement and understanding with them.

10. SAME—*when motion for trial by jury need not be renewed.* The fact that several days elapse between the overruling of a motion for a trial by jury and the actual trial of the case does not require the party to renew his motion in order to save his right to assign error on the court's ruling, there being no additional ground for the motion arising in the meantime.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

BERNSTEIN, GROSSMAN & ZOLLA, (JOSEPH F. GROSSMAN, of counsel,) for appellant.

BUTZ, VONAMMON & JOHNSTON, and CARROLL A. TELLER, (FREDERIC E. VONAMMON, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a suit by bill in chancery to contest the validity of the last will and testament of Robert Lyman, deceased. The bill was filed by Robert Lyman, Jr., appellant, who was the only child and heir-at-law of the testator. The will was executed September 11, 1908. The testator died July 30, 1911. By his will he bequeathed and devised all of his property to his cousin, Elizabeth C. Pierce, who lived with and kept house for him, except $1000 which he directed to be paid to appellant as soon as practicable after the testator's death, and appellant was required to execute a receipt in full of all claims against the estate upon the payment to him of said $1000. Leo Kaul and Clarence H. Callender were appointed executors of the will, which was witnessed by J. E. Strader and Ed Russell. The will was presented to the probate court of Cook county for admission to probate, which was denied by that court. An appeal from the judgment of the probate court was taken to the circuit court, where, upon a hearing, that court ordered and directed its admission to probate. The question involved on the hearing in the probate and circuit courts was as to the due execution of the will. From the judgment of the cir-

cuit court an appeal was prosecuted to this court, where it was insisted the judgment of the circuit court should be reversed because the evidence did not show the will was executed in accordance with section 2 of the statute. (*Kaul v. Lyman,* 259 Ill. 30.) The substance of the testimony will be found set out in the opinion of this court. We held it was sufficient to show the due execution of the will and affirmed the judgment of the circuit court. Thereafter the will was admitted to probate in the probate court and this bill was filed to contest and set aside the will.

The original bill in this case alleged the testator was of unsound mind and memory at the time of the execution of the will and that he was induced to execute the will through the undue influence and fraudulent practices brought to bear upon him by Elizabeth C. Pierce, the principal legatee in the will. An amended bill was filed, charging, in addition to the allegations in the original bill, that the instrument admitted to probate as the will of Robert Lyman, deceased, was not executed and attested in legal manner and form; that it was not attested in the presence of Lyman by two or more credible witnesses; that the persons who subscribed the writing as witnesses did not see Lyman sign it and that he did not acknowledge to said persons signing as witnesses that it was his act and deed, and that at the time said persons subscribed it as witnesses they had no reason to believe it was his act and deed. The amended bill also alleges that Elizabeth C. Pierce, the principal legatee in the will, used fraudulent practices and undue influence to induce Lyman to execute it, and falsely and fraudulently represented to him that his son, appellant, had married a woman of immoral character. The bill further alleges Elizabeth C. Pierce died on January 29, 1912, leaving a will, in which Leo Kaul and C. H. Callender were named as executors. The answer denies the will was not legally executed, denies the testator was of unsound mind and memory, and denies that he was induced to exe-

cute it through the undue influence or fraudulent represen-
tations of Elizabeth C. Pierce.

No attempt was made on the trial to prove unsound-
ness of mind of the testator, and the appellant says in his
brief that the issues of fact presented and contested were
"(1) whether the instrument purporting to be the last
will of Robert Lyman was executed and attested in accord-
ance with the requirements of our Statute of Wills; (2)
whether Robert Lyman was induced to execute his will
by reason of facts relating to the moral character of the
woman whom his son and only heir-at-law had married,
falsely and fraudulently represented to him by the principal
legatee, Elizabeth C. Pierce." The court found the issues
for the proponents of the will and entered a decree dismiss-
ing appellant's bill. To reverse that decree he has prose-
cuted this appeal to this court.

Appellant was thirty-two years old at the time of his
father's death. He was married in January, 1907, about a
year and a half before the will was made. His mother had
died when he was but a few years old, and Elizabeth C.
Pierce, his father's cousin, lived with and took care of his
father's house and family until testator's death.

Under the assignment of error that the court erred in
the admission of testimony for appellees, objections are
raised to several rulings of the court. Over the objection
of appellant the court permitted appellees to introduce and
read in evidence the transcript of the testimony of the wit-
nesses heard on the trial in the circuit court on the appeal
from the judgment of the probate court denying probate of
the will. Appellees contend this was authorized by section 7
of the chapter on wills, which provides that on the trial
of a case to contest a will which has been admitted to pro-
bate "the certificate of the oath of the witnesses at the time
of the first probate, shall be admitted as evidence and to
have such weight as the jury shall think it may deserve."
It is contended that the statute does not confine such evi-

dence to the certificate of the oaths of the subscribing witnesses to the will, but where, as here, the probate court denied admission of the will to probate and the first order for its admission to probate was made by the circuit court, the transcript of the testimony heard in that court on the appeal is competent, under the statute, in the trial of a bill in chancery to contest the will. As we understand and interpret the meaning of the statute referred to, the ruling admitting the transcript in evidence was erroneous. Section 2 of the Wills act provides that two of the witnesses to the will shall declare, on oath or affirmation before the county court where it is sought to have the will admitted to probate, that they were present and saw the testator sign the will or that he acknowledged it to be his act and deed, and that they believed him to be of sound mind and memory at the time of signing or acknowledging it. Such proof of the execution of the will is sufficient to admit the will to probate, provided no proof of fraud, compulsion or other improper conduct be exhibited which in the opinion of the court shall be deemed sufficient to invalidate the will. It is the certificate of the oath required by section 2 which is made competent evidence by section 7 in a case to contest a will which has been admitted to probate. To our minds it is evident that section 7 was not intended to authorize the testimony heard in the circuit court on an appeal from a judgment of the probate court denying probate of the will, not only of the witnesses to the will, who alone could be heard in the probate court, but of all other witnesses who might be called in the circuit court to testify for the party seeking probate of the will. On the trial of the appeal the proponents of the will are not confined to the witnesses to the will but may support the will by any evidence competent to establish a will in chancery. It was never intended to make "the certificate of the oath" or testimony of other witnesses than those to the will competent evidence in a case to contest the will. In *Baker* v. *Baker,* 202 Ill.

595, the provision of section 7 here involved was construed, and the court said: "It means simply the *ex parte* declaration, on oath, of the attesting witnesses required by section 2, *supra.*" While the question was not involved for decision in *Harp* v. *Parr,* 168 Ill. 459, it is evident from the language of the opinion that the court understood the provision of section 7 referred to, to mean the subscribing witnesses to the will.

On the trial of the appeal in the circuit court the two persons whose names were signed as subscribing witnesses to the will testified, and three other witnesses testified to statements made by one of the subscribing witnesses to the will about signing it as a witness. Said subscribing witness testified the signature to the will was his, but he could not remember signing or having been requested by the testator to witness the will. The substance of the testimony is set out in *Kaul* v. *Lyman, supra,* and we there held it sufficiently proved the due execution of the will to authorize the judgment of the circuit court ordering its admission to probate.

Four of the five witnesses who testified on the appeal in the circuit court were called by appellees on the trial of this case and testified to substantially the same facts they testified to on the trial of the appeal to the circuit court, and appellees contend that even if the transcript of their former testimony was incompetent, their testimony on this trial established the due execution of the will and that the error in admitting the transcript was harmless. This might be agreed to if there were no other grounds of objection to the admission of the transcript. One of the witnesses who testified on the former trial was not called as a witness on this trial, but without laying any basis or foundation therefor the transcript of his testimony was read on the trial of this case. A serious objection to the admission of the transcript is that it contained, and appellees read from it on the trial of this case, the testimony of Leo Kaul and

C. H. Callender, executors of the will of Robert Lyman, deceased, and of the will of Elizabeth C. Pierce, deceased, who were made parties defendant to this suit as such executors; also the testimony of Elizabeth Hewett, devisee under the will of Elizabeth C. Pierce and a defendant to the bill. Their testimony did not relate to the execution of the will but tended more to show the relation and situation of the parties and that the will expressed the intention of the testator and was not the result of undue influence. In this case appellant sued as heir and the three parties above named were made defendants as executors and devisee. Under section 2 of the chapter on evidence all of the said parties were incompetent as witnesses, unless called by the adverse party, to testify to any facts occurring before the death of the testator. Appellees contend they were competent witnesses, under the first exception to section 2, to testify to any facts occurring after appellant attained his majority, whether such facts occurred before or after the death of the testator. No such construction can be reasonably placed upon the first exception to section 2. To give it such a construction would render the statute meaningless. The first paragraph of section 2 disqualifies a party from testifying in his own behalf when sued by an adverse party as the executor, administrator, heir, legatee or devisee of any deceased person, except as provided in the first exception to the section, as to facts occurring after the death of deceased. Where any person sues as guardian or trustee of any heir, legatee or devisee, the adverse party is disqualified to testify except as to facts occurring after the ward, heir, legatee or devisee attains his majority. This suit was brought by an heir, in his capacity as heir, against persons who are disqualified as witnesses by section 2, and it was prejudicial error to permit their testimony to be read from the transcript.

One of the errors relied upon by appellant is that the court denied him the right of trial by jury. Appellant re-

sides in Salt Lake City, Utah. This suit was brought and
the bill filed by counsel residing in the city of Chicago. It
was placed on the trial call of the circuit court November 19,
1915, but at the request of counsel for appellant was passed
until November 23. On that day appellant's counsel again
asked to have the case passed. Appellees' counsel refused to
consent to its being passed unless appellant's counsel would
waive the right to trial by jury. This was agreed to by
counsel for appellant and the cause was placed on the trial
call for December 15. Appellant had no notice from his
counsel that the case had been placed on the call for trial
until after his counsel waived the right of trial by jury and
it was set for December 15. He was not consulted about
the waiver of a jury and knew nothing about it until he
came to Chicago on December 14, after having received a
telegram dated December 11 from his counsel that the case
was on the trial call for December 15. Appellant was dis-
satisfied with the action of his counsel in agreeing to waive
a jury, and said counsel not caring to further represent
him, he secured other counsel. Through them he filed a
motion to set aside the waiver of the right of trial by
jury, supported by his affidavit setting out the circumstances
under which the waiver was agreed to by his former coun-
sel; that the agreement was made without his knowledge
or consent and in violation of the specific agreement and
understanding with his counsel that the case should be tried
by a jury, and his ignorance of the agreement to waive a
jury prior to his arrival in Chicago on December 14, the
day before the case was set for hearing. The motion to
set aside the jury waiver was denied and the court refused
to grant the appellant a trial by jury. The case was not
reached for trial until January 9, 1916, when it was tried
before the court without a jury.

The parties to a will contest are entitled to a trial of
the issues of fact by a jury if they so desire, but they may
waive this right and try the case before the court if they

so agree. (*Whipple* v. *Eddy*, 161 Ill. 114.) While counsel employed to represent a party to a suit have large powers and authority to enter into agreements and stipulations, they have no authority to waive legal rights guaranteed their clients by law, contrary to the express wishes, orders and directions of their clients. While, as a general rule, it is probably true the client accepts his counsel's advice as to agreements and stipulations in the trial, he is not bound to do so, especially where the agreement is the waiver of a right conferred by law, such as the right of trial by jury. If appellant, after learning of the action of his counsel in waiving a jury, had made no effort to have the order of waiver set aside but had gone to trial before the court he could not afterwards be heard to complain. Here, however, appellant, several days before the trial was entered upon, asked to have the order of waiver set aside and that the case be tried by a jury. He set up in his affidavit the circumstances under which the waiver was agreed to by his counsel without his knowledge and consent, in violation of the agreement and understanding between him and his counsel that the case should be tried by a jury. There is nothing in the record to indicate that appellees would have been any more prejudiced by trying the case before a jury at the time it was tried than at the time it was previously set and before a jury was waived. When appellant came on to be present at the trial of the case he learned that his counsel who filed the bill, in addition to having waived trial by jury, did not desire to continue in the case. One of them was ill and another one had accepted the position of assistant State's attorney. Appellant was either compelled or decided it wise to employ other counsel to try his case. Under the circumstances the court should have granted appellant's request for a trial by jury and the denial of such request was error.

Appellees insist that as the trial was not actually entered upon for several days after appellant's motion was denied

and he did not renew the motion again before the trial was entered upon, he waived the right to assign the ruling of the court upon the motion as error. This is untenable. A renewal of the motion would necessarily have been based upon the same evidence upon which the court had passed, and appellant was not required to secure a second ruling upon the same motion, supported by the same showing.

Over appellant's objection the court permitted witnesses for appellees to testify that the testator was a man of strong character and will and not easily influenced. This testimony was not the statement of a fact but the expression of the opinions of the witnesses and was incompetent. *Michael* v. *Marshall,* 201 id. 70; *Carpenter* v. *Calvert,* 83 id. 62; *Compher* v. *Browning,* 219 id. 429.

Appellees were permitted, over objections of appellant, to prove statements made by the testator, both before and after the will was made, as to how he intended to and how he had disposed of his property. Appellant contends such testimony was only admissible upon the subject of mental capacity, and that as that issue was withdrawn the court erred in admitting the evidence. It has been held such declarations of the testator are competent on behalf of the proponents of the will upon the issue of undue influence but that they are not competent to invalidate the will. *Cheney* v. *Goldy,* 225 Ill. 394; *Waters* v. *Waters,* 222 id. 26; *Baker* v. *Baker, supra; Kaenders* v. *Montague,* 180 Ill. 300.

Appellant was permitted to prove on the trial that Elizabeth C. Pierce had, before the will was executed, made statements to friends of the testator, in his presence, that his son had married a woman of immoral character. Appellant offered to prove statements made by Elizabeth C. Pierce after the will was executed, made both in the presence and out of the presence of the testator, that appellant had married a woman of immoral character, and that if she were testator she would fix things so that appellant would

never have the pleasure of spending any of his money. The court sustained objections to this testimony on the ground that the statements were made after the will was executed and were too remote. In our opinion this ruling was error. If it was competent to admit such statements, made prior to the execution of the will, on the issue that testator was induced to make the will by the false and fraudulent representations of Elizabeth C. Pierce as to the moral character of the appellant's wife, we see no reason why similar statements, reiterated after the will was made, are not competent, as tending to show that if the testator was induced to make the will by such false statements and representations, the same influences continued, after the will was made, to influence the testator not to revoke it. (1 Schouler on Wills,—5th ed.—sec. 232.)

Elizabeth C. Pierce was the principal beneficiary under the will of Robert Lyman, and such statements are against her interest, and we think admissible also upon that ground. The appellees contend they were not admissible upon that ground because the executors have an interest in sustaining the will, and it is therefore claimed the question was within the rule that the declarations of one devisee cannot be received in evidence against the rights of others who take under the same will, as announced in *Campbell* v. *Campbell,* 138 Ill. 612, and *Cunniff* v. *Cunniff,* 255 id. 407. We do not think those cases applicable, for under the wills considered in those cases there were other devisees than the one whose declarations were sought to be proved to invalidate the will. Under the will of Robert Lyman there were no devisees but Elizabeth C. Pierce and appellant, and the interest of the executors did not bring them within the rule announced in the decisions referred to. We think the question governed by *Egbers* v. *Egbers,* 177 Ill. 82.

The decree of the circuit court is reversed and the cause remanded.                    *Reversed and remanded.*