Dorothy Dietzel, Appellant, v. Samuel Posen et al.,
Appellees.

Gen. No. 37,233.

Opinion filed December 19, 1934. Rehearing denied January 9, 1935.

CARL G. PRETZEL, of Chicago, for appellant; HENRY
T. CHACE, JR., of Chicago, of counsel.

LEWIS D. Ross, of Chicago, for appellees; ROY S.
GASKILL, of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.
By this appeal complainant seeks to reverse an order
and judgment of the circuit court of Cook county, sus-
taining an oral demurrer to a bill filed by complainant
to contest the will of William J. Posen, deceased.

The bill recites in substance that on the 20th day of June, 1932, decedent executed a certain instrument in writing, purporting to be his last will and testament, and that thereafter on the 23rd day of June, 1932, he died in the City of Los Angeles in the State of California, leaving as his heirs at law Samuel and Harry Posen, his brothers, Sophie Posen, his mother, Sarah and Minnie Tenser, cousins, Jean Winters, a cousin, and Sarah Stein, an aunt; that by this purported last will and testament he bequeathed all of his property to Samuel and Harry Posen, his brothers, in trust for the use of Sophie Posen, his mother, and in the event of the mother's death, to Harry Posen, his brother; that on the 3rd day of August, 1932, this instrument, purporting to be the last will and testament of William J. Posen, deceased, was admitted to probate in the probate court of Cook county, and that letters testamentary thereon were granted to Samuel Posen; that on the 3rd day of March, 1932, William J. Posen made and executed an instrument in writing, then purporting to be his last will and testament, leaving to complainant the sum of $20,000, together with certain bequests to other persons; that the will of March 3, 1932, was in existence at the time of the death of William J. Posen, but that such will has been either lost or destroyed since said time; that at the time of the execution of the instrument dated June 20, 1932, Posen was not of sound mind or memory, and was at the point of death by reason of some malignant disease, and that his mind and memory were so impaired as to render him incapable of making any just and proper distribution of his estate; that Harry, Samuel and Sophie Posen, the only legatees in the pretended will dated June 20, 1932, together with other persons, used and exercised undue arts and fraudulent practices and resorted to falsehoods and misrepresentations to induce William J. Posen to execute the

will of that date. The particular charge as to undue influence used is that these persons refused to permit William J. Posen to read letters sent to him by complainant, but intercepted such letters so it was impossible for William J. Posen to receive them, and that they made statements damaging to the character of complainant. There is a charge that other alleged fraudulent practices were used at this time, but they are not particularized. The prayer of the bill is that the instrument of June 20, 1932, purporting to be William J. Posen's will, and the probate thereof, may be set aside and declared null and void, and that his estate be distributed among his heirs and devisees according to law and according to the instrument in writing of March 3, 1932. It is alleged in the bill that complainant had no knowledge of the existence of the alleged will of June 20, 1932, until after its admission to probate, and that because of the fact that the alleged will of June 20, 1932, was so admitted to probate, complainant was prohibited from offering for probate the lost or destroyed will dated March 3, 1932.

It is insisted by defendants, appellees here, that a court of equity will not recognize nor act upon a will until it has been admitted to probate, and it is suggested that complainant has no standing in a court of chancery until the will has been so admitted.

In *Adams v. First M. E. Church,* 251 Ill. 268, the testatrix in a will died leaving no child nor descendant, and whose heirs at law were brother and sister. Two wills executed by her were presented to the probate court of Cook county. One was dated September 9, 1904, by which she gave most of her property to Harry C. Adams, the appellant in that case. The other will was dated February 29, 1908, by which the testatrix left nothing to Adams and gave most of her estate to the First M. E. Church of Irving Park. The court refused probate of the first will, but admitted

to probate the one of the later date. Complainant filed his bill in the superior court of Cook county, setting forth facts which would show the first will to be valid when made, and charging that the testatrix, at the time of the execution of the later will—the one admitted to probate—was not of sound mind and memory, and that the instrument was the product of undue influence exercised by the members of the church. In holding that the complainant had a right of action, the court said:

"The first question to be determined is whether the complainant had a right to file the bill. The court decided that he had, and the ruling is questioned by a cross-error. The statute authorizes any person interested to contest the validity of a will by his or her bill in chancery, and if the complainant was interested, within the meaning of the statute, he had a right to file his bill. It is not denied that he would have had such a right but for the order of the probate court denying probate of the will in his favor. Counsel say that he should not have presented the will for probate, or should have withdrawn his petition or had it continued until the validity of the later will was finally adjudicated, or appealed from the decision of the probate court. We do not see how his position would have been any better if he had taken either course suggested. Probate of the first will was denied because there was a later will revoking all former wills, and until the later will should be set aside it would have been useless to appeal. The judgment of the probate court on the merits in allowing or disallowing any will to probate is final and conclusive unless reversed on appeal (*In the Matter of Storey,* 120 Ill. 244) but where probate is denied because of the existence of a subsequent will the judgment is not conclusive if the subsequent will is set aside."

In the instant case, under the facts pleaded, it would have been a futile gesture for complainant to have offered the alleged will of March 3, 1932, for probate, as defendant insists she should have done. She charges in her bill that she had no knowledge of the existence of the subsequent will until its admission to probate, and several weeks after the testator's death, and that the alleged will of March 3, 1932, was in existence at the time of testator's death. Whether her allegations as to the prior will could be sustained or not, of course, would depend upon proof, but we are of the opinion that in this regard under the authorities, complainant, by her bill, shows a right of action.

The question is then presented as to whether the allegations in the bill as to fraud, undue influence and lack of capacity of the testator to make a will are sufficient. We will first consider the allegations of fraud and undue influence.

In *Stephens v. Collison,* 249 Ill. 225, a bill was filed seeking to set aside an agreement and lease made between complainant and the executors of complainant's father's will, and to contest the will. The bill in that case charged that at the time of the execution of the will, testator was not of sound mind and was mentally incapable of making any distribution of his property, and that fraud was used in obtaining the execution of certain leases. In passing upon the question as to a necessary allegation in a bill, the object of which is to set aside an instrument on the ground that its execution was obtained by fraud, the Supreme Court said:

"The rule is well settled that where it is sought to impeach a transaction on the ground of fraud it is not sufficient to charge fraud generally, but the complaining party must state in his pleading the specific acts or facts relied on as establishing the fraud.

*Langlois v. McCullom,* 181 Ill. 195; *East St. Louis Connecting Railway Co. v. People,* 119 id. 182; *Fortune v. English,* 226 id. 262."

To the same effect is *Ater v. McClure,* 329 Ill. 519, a suit to contest a will. Here the Supreme Court said:

"It is not sufficient to aver undue influence as a conclusion. Facts must be stated warranting the conclusion and go to the extent of showing that thereby the testator was deprived of his free agency."

In *Pollock v. Pollock,* 328 Ill. 179, the court said:

"Undue influence which will invalidate a will must be of such a character as to deprive the testator of free agency. It must be such as to destroy the freedom of the testator's purpose and render the instrument more the will of another than his own. Such influence must be directly connected with the execution of the instrument and operate at the time it is made, producing a perversion of the testator's mind, and it must be a species of fraud. Advice or persuasion will not vitiate a will freely and understandingly made."

We are of the opinion that the alleged facts set forth in the bill as to fraud and undue influence are not sufficient.

As to testator's capacity to make the will of June 20, 1932, complainant states that at the time of the execution of this instrument testator "was not of sound mind and memory; but on the contrary, was at the point of death by reason of some malignant disease, the exact nature of which is to your oratrix unknown, and his mind and memory were so impaired as to render him wholly incapable of making any just and proper distribution of his estate."

The "Act in regard to Wills," Cahill's Illinois Revised Statutes 1933, chapter 148, section 1, provides that "every person . . . being of sound mind and memory shall have power to devise . . . by will or testament" his properties of various kinds.

In *American Bible Society v. Price,* 115 Ill. 623, the Supreme Court, in passing upon the question as to what is a sufficient allegation in a bill to contest a will on the ground of the lack of mental capacity in the testator, said:

"The bill, it has been seen, charges that the testator had become, and was at the time of the making of the will, of unsound mind and memory, thus, in effect, simply putting in issue his testamentary capacity, which, by our statute, is defined to be that of being of a prescribed age, and 'of sound mind and memory.' The only material question, manifestly, under this allegation, was whether the writing produced was the product of an unsound mind and memory."

In the instant case, the allegation in the bill, as stated, is not to the effect that the will was wholly the product of an unsound mind and memory, but is limited to the charge that the testator's mind was so impaired as to render him incapable of making a just and proper distribution of his estate. This is not a charge of mental incapacity to make a will. The question to be decided is "whether the writing was the product of an unsound mind and memory," without regard to who the beneficiaries might be. We are of the opinion that there is no sufficient allegation in the bill that it was. The judgment of the circuit court of Cook county in sustaining the demurrer to the bill is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.