**Catherine L. Sterling, Appellant, v. John H. Kramer, individually and as executor under the will of Helen W. Kramer, deceased, Appellee.**

**Gen. No. 47,152.**

First District, First Division.
October 21, 1957.
Rehearing denied November 12, 1957.
Released for publication December 5, 1957.

Nat M. Kahn, of Chicago, for appellant, Catherine L. Sterling.

King, Robin, Gale & Pillinger, of Chicago (Willard L. King, of counsel) for defendant-appellee.

JUDGE ROBSON delivered the opinion of the court. Plaintiff brought this action to contest the will of Helen W. Kramer, who died on March 13, 1954, in

Chicago, Illinois. The will, dated August 29, 1951, was admitted to probate in April, 1954, as the last will and testament of the decedent. The plaintiff is the adopted daughter of the decedent; the defendant is her adopted son and the sole beneficiary and executor under the will.

In her third amended complaint plaintiff alleges in detail that the defendant and his wife had conspired to influence the decedent in the execution of the will, and also that the decedent had lacked testamentary capacity at the time of the execution of it. On motion of defendant the allegations pertaining to undue influence were stricken from the complaint and the case was set for trial on the sole issue of testamentary capacity. The plaintiff offered no evidence on this issue and a verdict was directed in favor of the defendant. A decree declaring the will valid was entered on the verdict. This appeal is taken from the order striking the allegations of the complaint pertaining to undue influence.

The allegations are set forth in seventeen separate counts of the complaint, which recite, in substance, the following facts: (1) that the defendant and his wife conspired to force the plaintiff out of her mother's household; (2) that the decedent executed two other wills in the first six months of 1951, both of which contained substantial bequests to the plaintiff; (3) that the defendant and his wife represented to the decedent that the plaintiff had voluntarily left her mother's household because she did not care for her mother and was merely awaiting her mother's death in anticipation of an inheritance; (4) that the defendant represented to decedent that the plaintiff had married against her mother's wishes and out of spite; (5) that the defendant and his wife had tricked the decedent into living with a neighbor in order to carry out the conspiracy and force the plaintiff from the household;

232

(6) that during 1951 the decedent was in a state of ill health and emotionally distraught over the recent death of her husband, and that the constant misrepresentation by the defendant of the plaintiff's attitude toward her mother destroyed the free will of the decedent with respect to the disposition of her property at her death; and finally, (7) that on August 29, 1951, the decedent executed the instrument in question because of certain misapprehensions concerning the character of the plaintiff which were impressed upon the mind of the decedent by the fraudulent misrepresentations of the defendant in the months immediately preceding the execution of that instrument.

The only issue is whether or not the foregoing allegations constitute a claim sufficient to permit the plaintiff to present evidence of undue influence.

■ Our Supreme Court has repeatedly ruled that undue influence which will void a will must be directly connected with the execution of the will, must operate at the time the will is made, must be directed toward procuring the will in favor of a particular party, and must be of such a character that it destroys the freedom of the testator's will, thereby rendering the will more the creation of the mind of another than that of the testator's own mind. Butler v. O'Brien, 8 Ill.2d 203, 212 (1956); Sterling v. Dubin, 6 Ill.2d 64, 72 (1955); Shevlin v. Jackson, 5 Ill.2d 43, 48 (1955); Lake v. Seiffert, 410 Ill. 444, 448 (1951); Mosher v. Thrush, 402 Ill. 353, 357 (1949).

Defendant contends that a complaint to contest a will on the ground of undue influence must allege facts which, if proved, would avoid a directed verdict against the contestant. The defendant concludes that the complaint in the instant case does not allege facts which meet these requirements because it fails to allege specifically that the defendant requested a will to be executed in his favor, or that he was present when the

will was drawn, signed, and attested. In support of its argument the defendant has cited over fifteen cases in which the issue of undue influence was taken from the jury because of insufficient evidence or in which the only ruling on that issue concerned a failure of proof. Doyle v. Doyle, 257 Ill. 229 (1913); Hutchinson v. Hutchinson, 250 Ill. 170 (1911); Larabee v. Larabee, 240 Ill. 576 (1909); Bauchens v. Davis, 229 Ill. 557 (1907); Gregory v. Richey, 307 Ill. 219 (1923); Chaney v. Baker, 304 Ill. 362 (1922); Lloyd v. Rush, 273 Ill. 489 (1916); Johnson v. Bennett, 395 Ill. 389 (1946); Brownfield v. Brownfield, 43 Ill. 147 (1867); Redmond v. Steele, 5 Ill.2d 602 (1955); Logsdon v. Logsdon, 412 Ill. 19 (1952); Bailey v. Oberlander, 329 Ill. 568 (1928); Schmidt v. Schmidt, 201 Ill. 191 (1903); Woodman v. Illinois Trust & Savings Bank, 211 Ill. 578 (1904); Baker v. Baker, 202 Ill. 595 (1903); Cunniff v. Cunniff, 255 Ill. 407 (1912); Moriarity v. Palmer, 286 Ill. 96 (1918). In every such case, however, the complaint must have been deemed sufficient, either by the court or opposing counsel, to permit the contestant to proceed with his evidence.

There are only a few reported cases in Illinois involving a will contest dealing with the sufficiency of the pleadings based on allegations of undue influence. In four of them the pertinent allegations of the contestant's complaint were held insufficient. See Ryan v. Deneen, 375 Ill. 452 (1941); Heavner v. Heavner, 342 Ill. 321 (1931); Ater v. McClure, 329 Ill. 519 (1928); Dietzel v. Posen, 278 Ill. App. 89 (1934). An analysis of these cases indicates the general rule in Illinois to be that the pleading of undue influence in a will contest must contain a specific recital of the manner in which the free will of the testator was impaired at the time the instrument was executed. A mere conclusion that the testator was influenced by the persuasive or dominant nature of one of the beneficiaries is not sufficient.

234

In McKaig v. Appleton, 289 Ill. 301 (1919), an order in the trial court expunging from the bill allegations of undue influence was overruled. In that case it was alleged that the testator was eighty years old, blind, and diseased; that because of his physical and mental condition he had been under the constant care of a nurse for more than two years prior to the execution of the will; that the nurse was of a dominant and insistent character and that the testator was of a weak and feeble will; that the nurse had intimate knowledge of the testator's business and had acted as his agent in collecting money; that the nurse had threatened to desert the testator if he refused to execute the instrument; and finally that the nurse had permitted only the attorney who drew the will and his clerk, both of whom attested the will, to be present at its execution. The nurse was a substantial beneficiary under the will and the court reached the following pertinent conclusion (pp. 305, 306):

"That, in substance and effect, is a charge that the execution of the will was procured by the undue influence of one of the principal beneficiaries, and the fact that other and evidentiary facts may also have been alleged did not affect the bill as a good pleading, especially as the facts alleged, or most of them, were competent to be proved on the trial. . . . The court erred in sustaining the exceptions to the allegations of undue influence, . . ."

The gist of the complaint in the instant case is an alleged conspiracy by one potential beneficiary and his wife to misrepresent the character of another potential beneficiary in a manner calculated to induce the testator to deny any inheritance to the second potential beneficiary. Does such a conspiracy when alleged in detail fall within the general category of mere persuasion, or instead, does it constitute a charge that the execution of the will was procured by the undue influence of the sole beneficiary?

■ ■ Undue influence is a species of fraud. Flanigon v. Smith, 337 Ill. 572, 577 (1930). In Lyman v. Kaul, 275 Ill. 11 (1916), the amended bill alleged that the principal legatee in a will used fraudulent practices and undue influence to induce the testator to execute it, and falsely and fraudulently represented to him that his son, the contestant, had married a woman of immoral character. The answer denied these allegations and the case went to trial without a jury. The trial court found the issues for the proponents and entered a decree dismissing the bill. The sufficiency of the pleadings was not in issue. One of the questions raised on appeal is pertinent to the instant case. The trial court permitted the contestant to prove false representations made by the chief beneficiary before the execution of the will, but denied evidence offered to show that the same false representations were continued after the execution of the will. The court held (p. 22);

"In our opinion this ruling was error. If it was competent to admit such statements, made prior to the execution of the will, on the issue that testator was induced to make the will by the false and fraudulent representations of Elizabeth C. Pierce as to the moral character of the appellant's wife, we see no reason why similar statements, reiterated after the will was made, are not competent, as tending to show that if the testator was induced to make the will by such false statements and representations, the same influences continued, after the will was made, to influence the testator not to revoke it. (1 Schouler on Wills—5th ed.—sec. 232.)"

It may be deduced from this decision that false representations concerning the character of the spouse of a potential beneficiary can be so connected with the procurement and execution of a will that the allegation that such representations were made to the testator

236

presents a triable issue on the question of undue influence. We conclude, therefore, that the allegations of the complaint in the instant case fall within our interpretation of Lyman v. Kaul, supra.

■ We find no merit in defendant's contention that a complaint contesting a will on the ground of undue influence must allege that the defendant actually took part in the preparation or execution of the instrument itself. In Mosher v. Thrush, 402 Ill. 353, our Supreme Court held evidence of conversations between the defendant and the testator failed to prove undue influence because *"the evidence"* indicated without contradiction that the defendant had had nothing to do with the preparation or execution of the will. However, in that case the court went on to say (p. 359):

"It is urged, however, that in many other States, although undue influence must be operative when the will is executed, there are many cases where that requirement is met by some controlling force which operates secretly, *but here there is no evidence tending to show that any such secret influence was exercised by the defendants upon the testator."* (Emphasis ours.)

The complaint in the instant case does allege a force which operated secretly on the mind of the testator and on the basis of the above quotation from Mosher v. Thrush, supra, we conclude that such matter is competent to be proved upon trial. Where the defendant plays an active role in procuring the execution of a will it is not essential to show that he was present at the signing of the instrument in order to invalidate the will on the ground of undue influence. Sulzberger v. Sulzberger, 372 Ill. 240, 246 (1939). Again, the issue was raised as a question of proof rather than a requirement of pleading.

We are of the opinion that the complaint in the instant case constitutes a general charge, based upon specific allegations of fact, that the testator was in-

duced to execute her will by the undue influence of the sole beneficiary. We conclude therefore that the trial court erred in striking the allegations of the amended complaint pertaining to undue influence.

▪ Defendant argues that in the event this court should order a trial on the issue of undue influence the two prior wills of the decedent are not competent as evidence tending to support the allegations of the complaint. This contention is erroneous. Blackhurst v. James, 304 Ill. 586, is decisive on this point. There, where the contested will completely disinherited the contestants, the court held that a former will and the circumstances surrounding the execution of codicils at different times prior to the execution of the contested will were admissible to show undue influence.

The order of the trial court is reversed and the cause remanded for trial consistent with the views herein expressed.

Order reversed and cause remanded with directions.

SCHWARTZ, P. J. and McCORMICK, J., concur.