*In re* ESTATE OF WINIFRED W. OSBORN, Deceased (Lucille Krebs, Plaintiff-Appellant, v. Thomas F. Taylor *et al.*, Executors of the Estate of Winifred W. Osborn, *et al.*, Defendants-Appellees).

Fifth District   No. 5—83—0685

Opinion filed October 16, 1984.

Bruegge & Becker, of Breese (Robert T. Bruegge, of counsel), for appellant.

Patrick J. Hitpas, of Carlyle, for appellees Esther Koch, The Catholic Diocese of Belleville, and Mater Dei High School, Inc.

JUSTICE JONES delivered the opinion of the court:

Plaintiff, Lucille Krebs, filed a complaint to contest the will of her sister, Winifred Osborn, the decedent, in which she alleged undue influence on the part of the Catholic Diocese of Belleville (Diocese), the primary beneficiary under the decedent's will. The plaintiff's third amended complaint was dismissed by the trial court, and the plaintiff has appealed from that dismissal. We affirm.

Following the decedent's death on January 2, 1982, her will, dated January 24, 1975, and a codicil to that will, dated October 24, 1980, were admitted to probate. The plaintiff filed suit to contest the validity of the will, and, upon motion by the Diocese, the court dis-

missed the plaintiff's complaint and amended complaints for failure to allege sufficient facts to set forth a cause of action for undue influence. The plaintiff's third amended complaint, upon which she has elected to stand, alleged in pertinent part:

"3. Defendants, the CATHOLIC DIOCESE OF BELLEVILLE, by and through their agents and employees, served in a confidential relationship to the decedent as religious and spiritual advisor to the decedent and in that capacity dominated the Will [*sic*] of the decedent and influenced the decedent unduly in that in one or more of the following respects:

A. Bestowed unusual gifts and favors upon the decedent.

B. Visited the decedent at least twice a year by members of the Chancery Office and the Bishop of the Diocese of Belleville. Such visits were extraordinary as opposed to the other members of the congregation of the Diocese.

C. Knew the decedent did not have issue or surviving spouse for whom to give her property to.

D. Knew that the decedent was dependent upon the Clergy as her means of social outlet.

E. Used the decedent's dependency upon the Clergy for a social outlet for the decedent to patronize the decedent with the expectation of receiving substantial gifts under decedent's Will.

F. That knowing that the decedent held high esteem for the members of the Clergy of the Diocese of Belleville, the agents of the Diocese of Belleville thereupon utilizing this situation were able to influence the decedent under the bequest of the decedent made in her Will.

4. That as a direct and proximate result of the acts set forth in paragraph 3, and because of the dependency of the decedent upon the Defendant, the CATHOLIC DIOCESE OF BELLEVILLE, by and through its agents, dominated the decedent and entered upon the influence of the Defendant.

5. The Last Will and Testament and codicil of the decedent was procured by and in favor of the Defendant, the CATHOLIC DIOCESE OF BELLEVILLE, through the use of their confidential relationship and by the CATHOLIC DIOCESE OF BELLEVILLE giving extraordinary recognition and personal attention to the decedent and because of her dependency for such attention and recognition, she was deprived of her free agency in the making of said purported Will and Codicil and was wrongfully induced to make the same."

At issue on appeal from the judgment dismissing this complaint is whether the complaint set forth sufficient facts to state a cause of action against the defendant for the exercise of undue influence in procuring the will of the decedent. It is well settled that, in a will contest action, it is not sufficient to allege merely a conclusion that a party exercised undue influence over the decedent. Rather, facts must be stated in the complaint which, if proved, would warrant such a conclusion. (*Ryan v. Deneen* (1940), 375 Ill. 452, 31 N.E.2d 582.) As expressed in *Sterling v. Kramer* (1957), 15 Ill. App. 2d 230, 234, 145 N.E.2d 757, 759,

> "the general rule in Illinois [is] that the pleading of undue influence in a will contest must contain a specific recital of the manner in which the free will of the testator was impaired at the time the instrument was executed. A mere conclusion that the testator was influenced by the persuasive or dominant nature of one of the beneficiaries is not sufficient."

It is the plaintiff's position here that sufficient facts were alleged in her third amended complaint to show the existence of a fiduciary relationship between the defendant Diocese and the decedent and that a presumption of undue influence arose as a result of that relationship. A *prima facie* case for undue influence may be stated by facts showing (1) that a fiduciary relationship existed between the testator and a devisee who received substantial benefit from the will, (2) that the devisee was the dominant and the testator the dependent party, and (3) that the will was procured by and in favor of the fiduciary through the use of his dominant fiduciary or confidential relationship. (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249; *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91.) The necessary fiduciary relationship exists where there is a special confidence reposed in one who, by reason of such confidence, must act in good faith and with due regard to the interests of the person reposing such confidence. This relationship "may exist as a matter of law between attorney-client, guardian-ward, trustee-beneficiary, and the like, or it may be the result of a more informal relationship—moral, social, domestic or even personal in its origin. [Citations.]" *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 100, 234 N.E.2d 91, 97.

■ Applying these rules in the instant case, we believe the plaintiff's complaint was deficient both in that it failed to set forth adequate facts showing the existence of a fiduciary relationship between the Diocese and the decedent and in that it failed to allege specifically how the Diocese participated in the execution of or otherwise procured the decedent's will. While the plaintiff, in paragraph three of

the complaint, asserts that a confidential relationship arose from the Diocese's role as religious and spiritual advisor to the decedent, we are aware of no authority, nor has the plaintiff cited any, to the effect that such a relationship is fiduciary as a matter of law. The further allegations of the complaint—that the decedent received unusual gifts and favors from members of the clergy of the diocese, that the decedent was dependent upon the clergy as a means of social outlet, and that the Diocese was held in "high esteem" by the decedent—fail to indicate that the decedent reposed any "special confidence" in the Diocese or, indeed, that the relationship between the decedent and her religious advisors was any different than that between other elderly persons and their religious or spiritual advisors. The decedent's alleged dependency on the clergy for a social outlet, moreover, is not the kind of dependence resulting from weakness or debilitation that will tend to show domination and undue influence by a fiduciary. (Cf. *Mitchell v. Van Scoyk* (1953), 1 Ill. 2d 160, 115 N.E.2d 226 (old age and disability of testator material circumstance on issue of undue influence by fiduciary-beneficiary); see *Greathouse v. Vosburgh* (1960), 19 Ill. 2d 555, 169 N.E.2d 97.) In the absence of specific allegations supporting the plaintiff's claim of abuse of fiduciary duty by the Diocese, the plaintiff's complaint is insufficient to state a *prima facie* case of undue influence.

■ Even if we were to assume the existence of a fiduciary relationship between the Diocese and the decedent, the plaintiff's complaint further fails to state in what way the Diocese was involved with or acted to procure the decedent's will. A presumption of undue influence arises, not from the mere fact of a fiduciary relationship, but from the fiduciary's participation in procuring execution of the will (*Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91), as undue influence that will invalidate a will must be directly connected with its execution and operate at the time it was made (*Peters v. Catt* (1958), 15 Ill. 2d 255, 154 N.E.2d 280; *Sterling v. Kramer* (1957), 15 Ill. App. 2d 230, 145 N.E.2d 757). Although the decedent's will containing the bequest to the Diocese was executed in 1975, seven years before her death in 1982, no mention is made in the plaintiff's complaint regarding when the Diocese's alleged activity influencing the decedent took place. Further, the complaint contains no allegations of the circumstances surrounding the execution of the decedent's will or of the Diocese's connection with it. (*Cf., e.g., Herbolsheimer v. Herbolsheimer* (1975), 60 Ill. 2d 574, 328 N.E.2d 529 (will in question prepared by attorney retained by fiduciary-beneficiary).) Absent such factual allegations, the complaint is insufficient to state a

cause of action for undue influence, and the trial court acted properly in dismissing it.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.