HEZEKIAH W. FLINN *et al.*
*v.*
WILLIAM C. OWEN *et al.*

1. CHANCERY—*pleading in—proof must conform to the allegations in the bill.* A complainant in chancery must recover, if at all, upon the case made by his bill. The *allegata* and *probata* must correspond.

2. A bill in chancery filed by a part of the heirs at law of A. B., deceased, to set aside the probate of his will, and cancel the instrument admitted to probate, contained the following allegation: "That the said paper so purporting to be the last will and testament of the said A. B., was not executed and attested as by the statute in such case made and provided is and was required, and is therefore inoperative and void; that the same was not

signed by the said A. B., or in his presence by some one under his direction, in the presence of the two persons, together, whose names are attached to the said paper, or instrument, as pretended attesting witnesses; nor did he, the said A. B., acknowledge the said paper or instrument to be his last will and testament, in the presence of the two persons together, whose names are thereto attached as pretended attesting witnesses; that the said two persons whose names are so attached to the said paper did not sign and attest the same at the request of the said A. B., in his presence and in the presence of each other: " *Held,* the only reasonable construction of such allegation is, that the so called will was illegally executed because the subscribing witnesses did not attest it together, or in the presence of each other, and that evidence offered under it, to show that the witnesses did not sign it in the presence of the testator, was *improperly admitted.* The defendants had a right to complain that they were taken by surprise by such testimony.

3. ATTESTATION OF WILL—*requirements of the statute.* The statute does not require that the attesting witnesses to a will should be in the presence of each other when they sign it.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. MORRISON & EPLER, Mr. J. T. SPRINGER and Messrs. MCCLURE & STRYKER, for the appellants.

Mr. HENRY E. DUMMER, Messrs. BROWN & EPLER and Messrs. KETCHAM & ATKINS, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by a part of the heirs of Zadock W. Flinn, deceased, to set aside the probate of his will, and cancel the instrument admitted to probate. An issue was made up and submitted to a jury, who found the instrument in controversy not to be his will. The court rendered a decree upon this finding, and the defendants appealed.

The case has been argued fully upon the evidence, but we forbear the expression of an opinion upon that, as there must be another trial, and new testimony may be offered.

The ground of reversal is this: The actual issue tried before the jury, and on which the case entirely turned, was, whether

both the subscribing witnesses, one of whom was dead, had signed the will in the presence of the testator. It was not denied on the trial that Zadock Flinn himself signed the instrument as a will, or that he was of sound mind. Neither was it denied that the living witness signed in his presence, and at his request; but it was contended by appellees that the wife of Flinn subsequently procured the attestation of the other subscribing witness in the absence of Flinn, and without his knowledge, and that he never knew that the will had been perfected. It was to this question that the evidence was directed and on which the case was submitted to the jury by the instructions, and this of course was the issue they really found.

But this issue was not made in the pleadings, and the counsel of appellants have a right to complain, as they do, that they were taken by surprise by this testimony. The *allegata* and *probata* must correspond.

The allegations in the bill are, that the wife exerted improper influences over Flinn; that after procuring the execution of the will, she obtained possession of it; that he desired to destroy it, which she promised to do, and subsequently told him she had destroyed it, upon which assurance he relied. In support of these allegations no material evidence was offered.

But the bill contains another allegation, that the will was not executed and attested as required by the statute, which allegation is in terms, "that the said paper so purporting to be the last will and testament of the said Zadock W. Flinn, was not executed and attested, as by the statute in such case made and provided is and was required, and is therefore inoperative and void; that the same was not signed by the said Zadock W. Flinn, or in his presence by some one under his direction, in the presence of the two persons, together, whose names are attached to the said paper, or instrument, as pretended attesting witnesses, nor did he, the said Zadock W. Flinn, acknowledge the said paper or instrument to be his last will and testament in the presence of the two persons together, whose names are thereto attached as pretended attesting witnesses; that the said

8—58TH ILL.

two persons whose names are so attached to the said paper, did not sign and attest the same at the request of the said Zadock W. Flinn, in his presence and in the presence of each other."

The only reasonable construction of this allegation is, that the so called will was illegally executed, because the subscribing witnesses did not attest it together, or in the presence of each other. This allegation seems to have been made in the bill under the mistaken idea that the statute requires the witnesses to be in the presence of each other when they sign. This is not necessary. There were therefore, no facts averred in the bill to which the evidence that controlled the case properly applied. The allegation was, in substance, that the witnesses did not sign in the presence of each other, and the evidence offered was to show they did not sign in the presence of the testator.

The decree must be reversed and the cause remanded, with leave to amend bill at costs of complainants.

*Decree reversed.*