William O'Brien, Defendant in Error, *vs.* The Estate of Johanna Rhembe, Deceased, Plaintiff in Error.

*Opinion filed October 27, 1915.*

Wills—*what does not preclude probate of will.* Where a will contains a full and formal attestation clause, the signature to the will is shown to be in the handwriting of the testatrix and the subscribing witnesses went at the request of the testatrix to witness her will and signed as witnesses a paper they understood was the will, the fact that they do not remember seeing the testatrix sign the will or that she acknowledged it to be her act and deed does not preclude the probate of the will.

Writ of Error to the Circuit Court of Cook county; the Hon. John McNutt, Judge, presiding.

James J. Leahy, (Albert O. Olson, of counsel,) for plaintiff in error.

Hugo M. Friend, and Frederick Deiser, for defendant in error.

Mr. Chief Justice Farmer delivered the opinion of the court:

This case comes to this court by writ of error to review the judgment of the circuit court of Cook county admitting to probate the will of Johanna Rhembe, deceased, heard there on appeal from the probate court of said county.

Johanna Rhembe, a widow, died testate September 14, 1913, leaving as her children and only heirs-at-law, Joseph McCabe, Michael McCabe and Anastasia Palmquist. Her will purports to have been executed July 24, 1912. She left a small amount of money in bank and a lot in Evanston, which is said in the brief of plaintiff in error to be worth $1500 and in the petition for letters testamentary is valued at $500. She was a working woman, sometimes employed as a domestic servant in families, but the greater part of

the time was employed in house cleaning, window washing, etc. Both her sons were married and living by themselves. The daughter, Anastasia Palmquist, had been married but her husband had deserted her, and at the time the will was made, and for some time before, she was an inmate of the insane asylum at Dunning. The will, after directing payment of testatrix's debts and funeral expenses, devised and bequeathed all the real and personal property of testatrix to William O'Brien, referred to in the will as "my good friend William O'Brien, who has befriended me many times." O'Brien was also designated as executor without bond. He made application to the probate court of Cook county for the admission of the will to probate and for letters testamentary. The admission of the will to probate was resisted by the heirs of testatrix, and after a hearing said court denied the probate of the will on the ground that it was not executed in accordance with the requirements of the statute. The proponent of the will appealed to the circuit court, where a hearing was had and a judgment entered admitting the will to probate.

The will was witnessed by Mrs. Jennie Gustafson and Miss Anna M. Forsberg. They were the only witnesses heard in the probate court upon the application to admit the will to probate. At the hearing on the appeal to the circuit court it was competent to, and the court did, hear the testimony of other witnesses than the witnesses to the will, both upon the question as to its due execution and the testamentary capacity of testatrix at the time the will was made.

Plaintiff in error contends that the proof was not sufficient to establish the due execution of the will (1) because it was not proved the will was signed by the testatrix or by someone in her presence and under her direction; (2) that it was not duly acknowledged by the testatrix to be her act and deed; and (3) that the testimony of the subscribing witnesses and that of the other witnesses offered

269 – 38

to prove the testamentary capacity of the testatrix was insufficient.

The testatrix was between fifty-eight and sixty years of age and lived alone when not living with families for whom she worked. She appears to have been quite well acquainted with Anna M. Forsberg, one of the witnesses to her will and who worked as a domestic servant in Evanston. She also appears to have known the other subscribing witness, Jennie Gustafson, who was an intimate friend of Miss Forsberg. About two days before the will purports to have been executed the testatrix called up Miss Forsberg and asked her if she would witness testatrix's will, and also requested her to ask Mrs. Gustafson to act as a witness to her will, stating at the time she would call her (Miss Forsberg) when she was ready to execute her will. On the morning of July 24, 1912, the testatrix called Miss Forsberg and requested her to get Mrs. Gustafson and come to the testatrix's home that evening and go with her just across the street to the home of one O'Connor, who was a justice of the peace, to witness her will. That evening the two witnesses went to where testatrix was living and together the three went to O'Connor's. Mrs. Gustafson testified to going to the testatrix's home that evening with Miss Forsberg, who told her testatrix wanted her to come and act as a witness to her will. Together the three of them went to O'Connor's. The testatrix said she was going to have the witness sign the will. When they arrived at O'Connor's house he said to the parties they were late and that he thought they were not coming. It was then nearly nine o'clock. A paper was produced by O'Connor and witness signed her name to it. It was folded so she could not see anything written above her name. When O'Connor produced the paper he said something but the witness could not remember what it was. The testatrix did not say anything at O'Connor's house about the will or there request the witness to sign it. The parties were at

O'Connor's house only a little while,—not more than ten minutes. After the witness signed the will Miss Forsberg signed it also. There was no substantial difference between Miss Forsberg's testimony about what occurred at the time they signed the will and the testimony of Mrs. Gustafson. Neither of them remembered seeing the testatrix sign her name to the will or that she there acknowledged it to be her act and deed.

The statute requires a will to be signed by the testator or testatrix or by someone in his or her presence and by his or her direction, and that it be attested in the presence of the testator or testatrix by two or more credible witnesses, two of whom, upon the application to probate the will, shall declare on oath that they saw the testator or testatrix sign it in their presence or that such testator or testatrix acknowledged it to be his or her act and deed. It is claimed by plaintiff in error the testimony of the subscribing witnesses failed to show a compliance with these requirements of the statute, namely, that the will was signed by the testatrix or by someone in her presence and by her direction, or that she acknowledged it to be her act and deed. On the question whether or not the will was signed by the testatrix, the paying teller of the bank where the testatrix kept her account was produced as a witness to prove the name of testatrix on the will was in her handwriting. The witness testified he had known testatrix about five years, had seen her sign her name and knew her signature, and that the signature to the will looked like that of testatrix. There was a full attestation clause written out just above the signatures of the subscribing witnesses, which recited that on the day of the date of the instrument it was declared by testatrix to be her last will and testament in the presence of the witnesses, who at her request and in her presence and in the presence of each other subscribed their names thereto as witnesses. The subscribing witnesses to the will were requested by the testatrix to come to her

home the evening of the execution of the will for the purpose of going with her to O'Connor's house to act as witnesses to her will. They went to her home and accompanied her to O'Connor's house for that purpose at her request, and there signed a document which they understood to be her will but which they did not read nor did they see enough of what was written on the paper to know what it was, nor was it necessary that they should. O'Connor died before the application was made for the probate of the will. Clearly, what the witnesses did there they did at the request of the testatrix. They do not remember having seen her sign her name or that she said the signature to the will was hers, but the only reasonable conclusion that can be drawn from the testimony of the bank teller and other facts and circumstances testified to by the subscribing witnesses is that the signature to the will was testatrix's. Cases involving this question, as well as the proof necessary to establish the acknowledgment of testatrix that the instrument was her act and deed, have often been before this court, and the ground has been so thoroughly covered by the decisions that we can add nothing new upon the subject and will merely cite some of the authorities which are controlling in support of the due execution of the will: *Hobart* v. *Hobart,* 154 Ill. 610; *Gould* v. *Theological Seminary,* 189 id. 282; *In re Estate of Kohley,* 200 id. 189; *Mead* v. *Trustees Presbyterian Church,* 229 id. 526.

Upon the question of the testamentary capacity of testatrix we are of opinion no other conclusion could have been reasonably arrived at than that the testatrix had sufficient mental capacity to make a valid will.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*