(No. 12687.—Judgment affirmed.)

ALBERT RUPP et al. Appellants, vs. JOHN M. JONES et al. Appellees.

Opinion filed October 27, 1919.

1. WILLS—attesting witnesses need not sign in presence of each other. The statute on wills makes no requirement that the two attesting witnesses shall witness the will in the presence of each other, but merely requires that each of them attest the will in the presence of the deceased and at his request.

2. SAME—proper attestation clause is prima facie evidence of due execution of will. Where the attestation clause to a will recites all the particulars of a good execution it is prima facie evidence of the due execution of the will, and such proof may prevail over testimony of the attesting witnesses which tends to show that some of the requisites were omitted.

3. SAME—when failure of recollection of the attesting witnesses will not preclude probate of will. Where a will contains a full and formal attestation clause, the signature to the will is shown to be in the handwriting of the testator and the will is fully identified as the instrument attested by the witnesses, the fact that they do not remember seeing the testator sign the will nor recollect that he acknowledged it to be his act and deed does not preclude the probate of the will.

APPEAL from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

WHAM & WHAM, for appellants.

NOLEMAN & SMITH, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Dora Rupp, widow of William Rupp, deceased, filed her petition in the probate court of Marion county to probate the last will and testament of her husband and asked that letters testamentary be issued to her as executrix. Proof of death was filed and a dedimus potestatem was sued out to take the deposition of E. J. Besant, one of the attesting witnesses, who was then living in the State of California.

Dora Rupp died intestate, leaving no child or children or descendants thereof but leaving her mother and brothers and sisters surviving as her only heirs. On January 3, 1919, the cause came on for hearing. The death of Dora Rupp was suggested and a supplemental petition was filed substituting her brother, J. M. Jones, as petitioner, and asking that he be appointed as administrator of the estate of William Rupp, deceased, with the will annexed. The court found that Albert Rupp and Fred Rupp, brothers, and Fred Sweeney, a nephew, and Dora Rupp, widow, were all the heirs and legatees of the deceased, William Rupp, and that each of them had been notified of the pendency of the proceeding, as required by law. Upon the evidence heard the county court admitted the instrument to probate as the last will and testament of William Rupp. From that order Albert Rupp and Fred Rupp appealed to the circuit court of Marion county, which also entered an order admitting the will to probate. Appellants then prosecuted this appeal.

The will was dated July 12, 1905, and was drawn on a printed form, the written portions of which were in the handwriting of the testator. E. J. Besant, subscribing witness, testified in his deposition that he was acquainted with the testator, William Rupp, in his lifetime, and that he was about forty years of age and on the date of his will was of sound mind; that Rupp asked him to sign said instrument as a witness, and that he signed it as such in the presence of Rupp, and that the testator saw him sign his name as such witness. He did not remember whether Charles Nall was present or not when he signed it, and does not remember whether he saw Rupp sign his name to the instrument. The testator came to his store to get him to witness the instrument, and he thinks George F. Besant, his brother, and Sam Carnes, a clerk, were also present.

Charles Nall, the other attesting witness, was at that time a grocer in the same block where Besant was conducting his store. He testified that the testator was a customer

of his and that he had known him four or five years prior
to 1905; that the occupation of the testator was that of
freight conductor on the Illinois Central railroad; that he
was also acquainted with Besant; that Rupp came to his
store and asked him to witness a paper he had with him,—
the will in question,—and added that in case something
should happen it would be of some protection to his wife;
that he signed the paper as a witness but does not recol-
lect whether Rupp's signature was on the paper when he
signed it; that he is positive that the will is the instrument
that he signed and thinks that it is in the same condition
at the time of the trial as it was when he signed it; that
he did not read any part of the will at the time he signed
it and did not look to see what was written on it and thinks
that the attestation clause was not read over to him; that
Rupp did not say anything to him about the instrument be-
ing his will or that he had signed it or that the instrument
was one that he had made himself; that no one else was
present except Rupp and himself when he signed it as wit-
ness. He also testified that he had forgotten at one time
that he had ever signed the instrument but that after re-
freshing his recollection he remembered it. Both he and
Besant testified that the testator was of sound mind at the
time he signed the will and was under no restraint whatever.

Four other witnesses testified for the proponents of the
will in the circuit court. One of them, a banker, testified
that the entire written portions of the will were in the
handwriting of the deceased and that the signature to the
will was the genuine signature of the testator, he having
seen him sign his name a number of times. The other
three were railroad men, who testified that they were well
acquainted with the signature of Rupp and that the sig-
nature to the will was the signature of Rupp. All four
of them testified, also, that the signatures to two exhibits
that were introduced and put in evidence contained the
genuine signatures of Rupp.

Appellants contend that the lower court erred in admitting the exhibits in evidence for comparison with the signature to the will because the statutory notice was not given that such exhibits would be used on the trial. No such objection was made in the trial court and it comes too late in this court to be considered. Besides, if it should be conceded that it was error to admit these two exhibits for the purpose of comparison of the signatures thereon with the signature on the will, such ruling of the circuit court would not be reversible error. It was amply proved by the other evidence in the case that the signature to the will was the genuine signature of the testator, and there is no evidence in the record contradicting the same. Only two witnesses testified on behalf of appellants,—the brother of Besant, one of the attesting witnesses, and his clerk, both of whom merely testified that they were not present when Besant attested the will or near enough to know anything about it, and that no such attestation was ever made in their presence to which their attention was called. The evidence complained of is merely cumulative and upon a question that is not at all contested in the evidence.

The other contention of appellants, that the instrument offered in evidence was not proved to be the last will and testament of William Rupp and properly attested according to the provisions of our statute on wills, cannot be sustained. It is positively proved that the instrument in question was the instrument witnessed by the attesting witnesses and that each one of them attested it in the presence of the deceased, at his request. It was not necessary that the two attesting witnesses should witness the will in the presence of each other. The statute makes no such requirement. (*Flinn* v. *Owen,* 58 Ill. 111.) The testimony of neither of the attesting witnesses is to the effect that the testator signed or acknowledged the will to be his in their presence, in express terms. Their testimony clearly showed that he requested them to witness the instrument, and re-

marked to one of them, in substance, that in case anything
happened it would be of some protection to his wife, which
clearly indicated that they were asked to witness his signa-
ture to an instrument in which his wife would be interested
or benefited in case of such happening, and clearly indicated
that they were asked by him to witness his signature to
that will. The attesting clause is in this language: "This
instrument was on the day of the date thereof signed, pub-
lished and declared by the said testator, William Rupp, to
be his last will and testament, in the presence of us, who
at his request have subscribed our names thereto as wit-
nesses, in his presence and in the presence of each other."
It was signed by the two attesting witnesses. The other
evidence in the record positively shows that the signature
to the will was the genuine signature of the testator. Sec-
tion 13 of our statute on wills, as amended, now provides
that when the probate of any will or testament shall have
been allowed or refused by any county or probate court and
an appeal shall have been taken from the order or decision
of such court allowing or refusing to admit such will to
probate, it shall be lawful for the party seeking probate of
such will to support the same, on the hearing in the cir-
cuit court, by any evidence competent to establish a will
in chancery.

Where the attestation clause to a will recites all the par-
ticulars of a good execution it will always be *prima facie*
evidence of the due execution of the will. Such proof will
often prevail over testimony of the attesting witnesses which
tends to show that some of the requisites were omitted.
(*Thompson* v. *Owen,* 174 Ill. 229; *Thompson* v. *Karme,*
268 id. 168; *Gould* v. *Chicago Theological Seminary,* 189
id. 282; *In re Will of Barry,* 219 id. 391; *Hutchison* v.
*Kelly,* 276 id. 438.) The testator's will had been executed
about fourteen years when the attesting witnesses were
called into court to testify concerning its execution. It is
not singular or unusual for attesting witnesses not to be

able to remember all that occurred at the execution of the will or as to what they saw of the will or of the signature of the testator thereto. Where a will contains a full and formal attestation clause, the signature to the will is shown to be in the handwriting of the testator and the will is fully identified as the instrument attested by the witnesses, the fact that they do not remember seeing the testator sign the will or that he acknowledged it to be his act and deed does not preclude the probate of the will. (*O'Brien* v. *Estate of Rhembe,* 269 Ill. 592.) The proof was ample in this case to make a *prima facie* case of the due execution of the will, and as it is absolutely uncontradicted the will in question was properly probated.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*