(No. 20238.—)
NEWTON HEAVNER *et al.* Appellants, *vs.* FRANK HEAVNER *et al.* Appellees.

*Opinion filed December 18, 1930—Rehearing denied Feb. 4, 1931.*

ROBERT FERDINAND TUNNELL, for appellants.

A. W. SCHIMMEL, (WILLIAM and BARRY MUMFORD, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Bluford Heavner died on November 1, 1927, leaving a writing dated June 10, 1927, which was admitted to probate in the county court of Pike county as his will. It devised his estate, consisting of real and personal property,

after the payment of his debts and funeral expenses and a legacy of $500 to his sister, Lillie Reinhardt, and the erection of a tombstone, to his brothers, Frank and Oliver, and nominated them to be executors without bond. Besides the brother and sister mentioned, his heirs were two brothers and nephews and nieces. One of the brothers and several of the nephews and nieces filed a bill in the circuit court to contest the will on the grounds that the testator was of unsound mind, that the will was procured by the undue influence of Frank Heavner, and that it was not properly executed. After amendments made to the bill, a demurrer to so much of. the fourth amended bill as purported to charge an insufficient execution and attestation of the will, and to so much as purported to charge undue influence or fraud on the part of Frank Heavner and intimidation in procuring the publication of the will, was sustained. The rest of the bill was answered, and an issue whether the writing was the will of Bluford Heavner was made up and submitted to a jury, which, after hearing the evidence, returned a verdict finding that the writing in question was the will of Bluford Heavner, upon which a decree was entered adjudging the writing to be the will of Bluford Heavner and dismissing the bill for want of equity. The complainants have appealed.

Counsel for the appellants in his brief argues that the circuit court erroneously sustained the demurrer to that part of the bill which he regards as sufficiently charging undue influence and duress in procuring the execution of the will, and that the evidence did not establish the proper execution and attestation of the will or the mental capacity of the testator. In regard to the latter question he states: "The primary question here, however, will not be the question of mental capacity, although it is even questionable, but it is the execution of this will which I claim is decisive here." About a dozen witnesses testified on the question of soundness of mind, only three of whom expressed any

doubt of the testator's soundness of mind, and the verdict is in accord with the great preponderance of the evidence.

On the question of the execution of the will there is no conflict in the evidence. May Noyes, an attesting witness, testified that she was a stenographer in the law office of A. W. Schimmel, and on June 10, 1927, Bluford Heavner came to the office shortly after dinner. Schimmel called her into the office and dictated the will. The testator signed it in the private office, and at that time Schimmel and Miss Noyes were there but George A. Minier, the other subscribing witness, was not. Miss Noyes signed it there as a witness. The other attesting witness, George A. Minier was a banker in Pearl, where the testator lived, about twenty miles from Pittsfield. He was called to witness the will in the evening of the same day on which it was written and was witnessed by Miss Noyes in Pittsfield. He went down to Heavner's store, in Pearl, and signed it as a witness. The attestation clause signed by the witnesses showed a full compliance with all requirements of the statute in regard to the execution of the will. Where the attestation clause to a will recites all the particulars of a good execution it is *prima facie* evidence of the due execution of the will. *Rupp* v. *Jones,* 289 Ill. 596.

It is also contended by the appellants that the signature of the testator should be actually made in the view or simultaneous presence of the testator and all subscribing witnesses. The Statute of Wills, section 2, prescribes the formalities to be observed in the execution of a will and requires its attestation in the presence of the testator or testatrix by two or more credible witnesses. It does not require that the witnesses sign in the presence of each other. *Flinn* v. *Owen,* 58 Ill. 111; *Rupp* v. *Jones, supra; Chandler* v. *Fisher,* 290 Ill. 440; *Jenkins* v. *White,* 298 id. 502.

It is contended that the court erred in sustaining a demurrer to the allegations of the bill relied upon to show undue influence, duress and fraud in procuring the execu-

tion of the will. The demurrer to this part of the bill was properly sustained. The allegations demurred to were that Frank Heavner was the brother of Bluford and that Bluford relied upon Frank's judgment; that at the time of the supposed making of the instrument purporting to be his will Bluford was a man weak in mind and body and Frank was a strong man of a dominating personality; that Bluford was under the control of Frank at the time he executed the instrument, and it was not the result of the free will and judgment of Bluford but was the result of the undue influence of Frank; that Bluford in executing the instrument was in fear of and under the intimidation of Frank, which caused it to be so made, if at all, "and it would not have been so made, or made at all, but for the same." These allegations state no facts on which to base the charge of undue influence, duress or fraud. The facts stated are that Frank Heavner was the brother of the testator, who relied upon Frank's judgment; that the testator was weak in mind and body and Frank was a strong man of a dominating personality. These are the facts admitted by the demurrer, but they do not justify the conclusion that the testator was under the control of his brother at the time he executed the instrument or that the instrument was not the result of the testator's free will and judgment but was the result of his brother's undue influence. No act or word of Frank Heavner is alleged tending to show that he took any part in procuring the execution of the will or that his dominant personality had anything to do with it, nor is any fact alleged indicating that the testator was under his brother's control at the time he executed the instrument or that it was not the result of his free will and judgment but was the result of the undue influence of the brother. If there was any basis in fact for these charges the bill should have alleged the facts and not the conclusions.

The decree is affirmed.

*Decree affirmed.*