ROGER HERBOLSHEIMER *et al.*, Plaintiffs-Appellants, *v.* ARTHUR J. HERBOLSHEIMER *et al.*, Defendants-Appellees.

(No. 74-11; ▮▮▮▮▮▮▮▮)

Third District—June 20, 1974.

*Rehearing denied July 22, 1974.*

DIXON, J., dissenting.

Roger V. Pierson, of Princeton, for appellants.

Rathbun & Hedrich, of Princeton (Kent A. Rathbun, of counsel), for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Bureau County dismissing plaintiffs' "amended complaint to set aside [a] will".

Plaintiffs elected to stand on their amended complaint instead of asking leave to further amend same, and the circuit court accordingly entered the final judgment against them from which this appeal is taken.

Count I of the amended complaint alleges, in relevant part, that the decedent, LeRoy Herbolsheimer, died in Bureau County, Illinois, on June 3, 1972, leaving as his only heirs at law the plaintiffs, Roger Herbolsheimer and Helen Weiland, and the defendants, Arthur J. Herbolsheimer and Frank Herbolsheimer; that decedent left a certain instrument in writing dated August 18, 1942, purporting to be his last will and testament, devising and bequeathing all of his real and personal property to defendant Arthur J. Herbolsheimer, and naming said defendant as executor thereof; that said instrument was admitted to probate on July 24, 1973; that, on information and belief of plaintiffs, decedent and defendant Arthur J. Herbolsheimer occupied a position of "trust and confidence" with each other, with said defendant being the dominant party and decedent the dependent party; that defendant Arthur J. Herbolsheimer used such relationship in order to induce decedent to execute the instrument in question; that on August 18, 1942, decedent was about to be drafted into the Army; that defendant Arthur Herbolsheimer employed an attorney to prepare the instrument in question; that on August 18, 1942, decedent executed a bill of sale to defendant Arthur Herbolsheimer "for all personal property owned by LeRoy Herbolsheimer [decedent], in order that it would not be necessary to liquidate the assets of the farm which LeRoy Herbolsheimer was operating at the time the will was made"; that, in information and belief of plaintiffs, there was an agreement drawn on August 18, 1942, whereby decedent transferred "everything" to defendant Arthur J. Herbolsheimer, subject to the condition that if decedent did not return from the service, all of the property would become that of defendant Arthur Herbolsheimer, "but with other conditions provided in the event that LeRoy Herbolsheimer returned from service."; that all such documents were prepared by the attorney with information given him by defendant Arthur Herbolsheimer; that said defendant brought decedent to such attorney for the execution of such documents.

It is further alleged that decedent thereafter returned from the service; that defendant Arthur Herbolsheimer then stated to the attorney that said defendant had "turned everything back" to decedent; that said defendant did in fact return said documents to decedent, including a copy of his "will"; and that, upon the death of decedent, defendant Arthur Herbolsheimer applied for Letters of Administration, stating under oath that decedent left no will.

Count II of the amended complaint is quite similar to Count I in most

respects, but instead of alleging that defendant Arthur Herbolsheimer used his "position of trust and confidence" with decedent in order to induce him to execute the will, it is alleged that "* * * said purported will was in fact executed while the said LeRoy Herbolsheimer was under the improper restraint and undue influence of the defendant, Arthur Herbolsheimer, and/or others acting by, through or under the direction of Arthur Herbolsheimer, from the practices of the defendant, Arthur Herbolsheimer, and others acting by, through or under his direction or together with him in one design and that LeRoy Herbolsheimer did, on or about the 18th day of August, 1942, in fact, under such influence, execute said purported Last Will and Testament."

Both counts of the amended complaint request that the purported will in question be declared null and void, and that the estate of decedent be distributed among his heirs according to the statute relating to intestate distribution.

As we view this cause, the sole question before us is whether plaintiffs' amended complaint avers sufficient facts adequately to charge defendant Arthur Herbolsheimer with the exercise of undue influence over the decedent in connection with the preparation and execution of his will. As shown hereinafter, we believe it manifest that plaintiffs have failed to properly state such a cause of action.

■■■ It is well settled in Illinois that in order to allege, adequately, undue influence in a will contest, it is not sufficient to merely state as a conclusion that a party exercised "undue influence" over the decedent. Rather, facts must be stated in the petition (or complaint) which, if proven, would warrant such conclusion. (*Ater v. McClure,* 329 Ill. 519, 525, 161 N.E. 129 (1928); see further *Merrick v. Continental Illinois National Bank & Trust Company,* 10 Ill.App.3d 104, 293 N.E.2d 767, 771 (1st Dist. 1973); *Sterling v. Kramer,* 15 Ill.App.2d 230, 233, 145 N.E.2d 757 (1st Dist. 1957).) Moreover, as stated in *Lake v. Sieffert,* 410 Ill. 444, 448, 102 N.E.2d 924 (1952), "* * * undue influence which will void a will must be directly connected with the execution of the instrument and operate at the time it is made. It must be specifically directed toward procuring the will in favor of a particular party or parties, and it must be such as to destroy the freedom of the testator's will and render the instrument obviously more the offspring of the will of another or others, than his own * * *."

In support of the adequacy of the amended complaint herein under the foregoing rules, plaintiffs appear to rely principally upon the case of *Swenson v. Wintercorn,* 92 Ill.App.2d 88, 234 N.E.2d 91 (2nd Dist. 1968), where the appellate court observed in essence that in order to establish

a prima facie case of undue influence arising out of the abuse of a fiduciary relationship, it must be proved that a fiduciary relationship exists, that there is both a dominant and dependent party, that the dominant party aided in the procurement of a will and that the dominant party was to receive a substantial benefit from the execution of the instrument. While plaintiffs argue that they have clearly pleaded all such matters here, it must be recognied that the *Swenson* case was not a case decided on the pleadings, but rather on the evidence adduced before the trial court. Thus, in rendering its opinion in that case, the appellate court was not dealing with specificity requirements for pleading undue influence, but rather with whether the evidence before it factually established the theoretical elements of plaintiffs' case. *Swenson* is simply not applicable here.

Other cases pointed out by plaintiffs which do deal with pleading requirements in our view support the conclusion that the instant amended complaint is substantially defective in alleging undue influence. For example, in *Heavner v. Heavner*, 342 Ill. 321, 174 N.E. 413 (1931), the trial court had sustained a demurrer to the following allegations purporting to plead the undue influence of one Frank Heavner, the defendant, over Bluford Heavner, the decedent:

> "* * * that Frank Heavner was the brother of Bluford and that Bluford relied upon Frank's judgment; that at the time of the supposed making of the instrument purporting to be his will Bluford was a man weak in mind and body and Frank was a strong man of a dominating personality; that Bluford was under the control of Frank at the time he executed the instrument, and it was not the result of the free will and judgment of Bluford but was the result of the undue influence of Frank; that Bluford in executing the instrument was in fear of and under the intimidation of Frank, which caused it to be so made, if at all, 'and it would not have been so made, or made at all, but for the same.' "

342 Ill. at 324.

Referring to such averments, the Supreme Court pointedly observed:

> "These allegations state no facts on which to base the charge of undue influence, duress or fraud. * * * No act or word of Frank Heavner is alleged tending to show that he took any part in procuring the execution of the will or that his dominant personality had anything to do with it, nor is any fact alleged indicating that the testator was under his brother's control at the time he executed the instrument or that it was not the result of his free will and judgment but was the result of the undue influence

of the brother. If there was any basis in fact for these charges the bill should have alleged the facts and not the conclusions." 342 Ill. at 324.

See also *Ryan v. Deneen*, 375 Ill. 452, 31 N.E.2d 582 (1940); *Sterling v. Kramer*, 15 Ill.App.2d 230, 145 N.E.2d 757 (1st Dist., 1957).

We believe, as did the court in *Heavner*, that the amended complaint before us constitutes an attempt to allege undue influence simply by reciting conclusions rather than facts. Count I sets forth no facts whatever which, if proven, would establish a fiduciary relationship between decedent and defendant Arthur Herbolsheimer, but merely concludes that same existed. Likewise, there are no facts set forth which purport to establish which individual was the dominant party in such relationship but, rather, it is merly concluded that defendant Arthur Herbolsheimer was dominant and that decedent was dependent. With regard to Count II, it is merely stated that decedent's will was executed while under the "improper restraint" and "undue influence" of defendant Arthur Herbolsheimer and others, with no facts whatever being set forth which would allow one to reach such conclusion.

■■ In accordance with what we have herein said, we determine that the allegations of the instant amended complaint fall far short of the factual specificity required to state a cause of action alleging undue influence over a decedent in connection with the procurement of a will. The Circuit Court of Bureau County was clearly correct in dismissing such pleading, and its judgment should be and hereby is affirmed.

Judgment affirmed.

STOUDER, J., concurs.

Mr. JUSTICE DIXON dissenting:

It is clear from the facts alleged in the complaint that a fiduciary relation existed between the testator and Arthur who received a substantial benefit under the will and who procured the preparation of the will. These facts and the not unreasonable inference that Arthur was the dominant party and the testator the dependent party were sufficient to show that the testator reposed trust and confidence in Arthur. See *Yung v. Peloquin*, 6 Ill.App.2d 258; *Peters v. Catt*, 15 Ill.2d 255.

I.P.I. Civil (2d ed.) *Will Contest*, §§ 200.03 and 200.09, makes it even more clear.

Section 200.03 states the elements which must be proved (therefore alleged):

1. Did the testator repose trust and confidence in Arthur to such

an extent that Arthur could have exerted undue influence on the mind of the testator?

[The complaint alleges that the testator entrusted Arthur with all his personal property for the duration of his military service.]

A fiduciary relation arises when the property of one person is placed in charge of another.

2. Did Arthur cause the preparation of the document purporting to be the last will of the testator?

(The complaint alleges that he did.)

3. Did Arthur receive a substantial benefit?

(He got it all.)

Was influence exerted upon the testator which caused him to make a disposition of his property that was not his free and voluntary act? (Sec. 200.09.)

(The complaint so charges.)

The allegations are sufficient to raise a presumption (as a matter of law) that the document was executed as a result of undue influence.

I believe that *Swenson v. Wintercorn*, 92 Ill.App.2d 88, does state the elements which must be alleged (and proven) in order to make a case of undue influence arising out of the abuse of a fiduciary relationship. Under our system of pleading ultimate facts alone are required to be stated—ultimate facts which are susceptible of proof by substantive evidence and a statement of evidentiary facts is neither necessary or proper and facts necessarily implied from the statement of other facts need not be stated (Nichols, Illinois Civil Practice, secs. 761, 762, 769), nor is it necessary to plead facts which the law presumes to exist.

I have analyzed every case cited by the majority as follows:

In *Heavner v. Heavner*, 342 Ill. 321, 324, the supreme court stated, "* * * No act or word of Frank Heavner is alleged tending to show that he took any part in procuring the execution of the will * * *." It is obvious that an essential element was not pleaded.

In *Ryan v. Deneen*, 375 Ill. 452, at page 455, the court stated, "The alleged threat * * * is a mere statement that a reciprocal act would be withheld if the testatrix did not dispose of her property in the manner suggested. * * * *No other fact is alleged as to the charge of undue influence.*" (Emphasis supplied.) Again, it is obvious that essential elements were not pleaded.

In *Sterling v. Kramer*, 15 Ill.App.2d 230, the defendant contended that the complaint was insufficient because it failed to allege specifically that he requested a will to be executed in his favor or that he was present at

the execution of the will. The defendant lost, the complaint was held good.

In *Ater v. McClure*, 329 Ill. 519, 525, the court stated, "The statement of facts in the bill could have had no influence upon the mind of the testator when engaged in the business of making the will. *If not operating then, they do not affect its validity.*" (Emphasis supplied.) Again, it is obvious that an essential element was not alleged.

In *Merrick v. Continental Illinois National Bank & Trust Co.*, 10 Ill. App.3d 104, it is obvious that essential elements were not pleaded. The court stated on page 112, "However, the complaint does not allege the existence of a confidential relationship between the respondents and decedent." The ultimate facts showing the existence of a confidential or fiduciary relationship were not pleaded.

In *Lake v. Seiffert*, 410 Ill. 444, 450, there was no proof of a fiduciary relationship (the court felt that being frequent drinking companions was not enough).

Thus, in every case cited by the majority it may be seen that an essential element was either not alleged or proved.