(No. 46956.—

ROGER HERBOLSHEIMER *et al.,* Appellants, v.
ARTHUR J. HERBOLSHEIMER *et al.,* Appellees.

*Opinion filed May 19, 1975.*

Roger V. Pierson and Matthew A. Maloney, of Princeton, for appellants.

John C. Hedrich and Kent A. Rathbun, of Princeton, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Bureau County dismissed an amended complaint which sought to set aside a will, and the Appellate Court, Third District, affirmed, one judge dissenting. (20 Ill. App. 3d 206.) We granted leave to appeal.

The plaintiffs are Roger Herbolsheimer and Helen Weiland, two of the heirs-at-law. The defendants are Arthur J. Herbolsheimer and Frank Herbolsheimer, who are the other two heirs-at-law, and Earl Herbolsheimer and Melvin Herbolsheimer, who are the administrators of the estate. The amended complaint consists of two counts which are very similar. They identify the parties and allege that LeRoy Herbolsheimer, who died on June 3, 1972, left a will which devised and bequeathed all his real and personal property to the defendant, Arthur J. Herbolsheimer, and named him as executor. The will was executed on August 18, 1942, when LeRoy, who had been carrying on a farming operation, was about to be drafted into the Army. It is alleged that Arthur employed an attorney to draft the will and took his brother, LeRoy, to that attorney. On the same date a bill of sale was executed from LeRoy to Arthur, which covered all personal property owned by LeRoy. The complaint alleges that this was done so that it would not be necessary to liquidate the farm assets.

Both counts allege on information and belief that an agreement was also executed on the same date,
    "*** a copy of which is not available to the

> plaintiffs, but believed to have transferred everything to Arthur Herbolsheimer, on specific conditions, believed by plaintiffs to include the intention that if Leroy Herbolsheimer did not return from the service that all of the property would become the property of Arthur Herbolsheimer, but with other conditions provided in the event that Leroy Herbolsheimer returned from service."

LeRoy returned from service, and the complaint alleges that thereafter Arthur returned all of the documents, including the will, to LeRoy and stated that fact to the attorney who had prepared the documents. The complaint further alleges that after LeRoy died, Arthur applied to the circuit court "for Letters of Administration, and under oath stated the fact to be that there was no Last Will and Testament left by LeRoy Herbolsheimer."

In reaching its conclusion that the complaint was insufficient, the majority of the appellate court concentrated upon allegations of the complaint which, in rather "boiler-plate" language, assert that the will was a product of undue influence on the part of Arthur. The majority also noted that the "plaintiffs appear to rely principally upon the case of *Swenson v. Wintercorn,* 92 Ill. App. 2d 88, 234 N.E.2d 91 (2nd Dist., 1968)," but distinguished that case upon the ground that it was decided upon the evidence adduced at a trial, rather than upon the pleadings, saying:

> "*** Thus, in rendering its opinion in that case, the appellate court was not dealing with specificity requirements for pleading undue influence, but rather with whether the evidence before it factually established the theoretical elements of plaintiffs' case. *Swenson* is simply not applicable here." (20 Ill. App. 3d 206, 209.)

To the extent that this observation may suggest that greater specificity is required in pleading than in proof, it is erroneous.

The legal proposition asserted in the *Swenson* case is a familiar one which did not originate in that opinion:

"Under certain circumstances, a presumption will arise that the instrument is the result of undue influence. One such circumstance is: where a fiduciary relationship exists between the testator and a devisee or legatee who receives a substantial benefit from the will; where the testator is the dependent and the devisee or legatee the dominant party; where the testator reposes trust and confidence in the devisee, or legatee, and where the will is prepared by or its preparation procured by such devisee or legatee. Proof of these facts will establish a prima facie case that the execution of the will was the result of undue influence. Redmond v. Steele, supra, 610; Tidholm v. Tidholm, 391 Ill. 19, 25, 54 N.E.2d 745 (1945); Malone v. Malone, 26 Ill. App. 2d 291, 303, 304, 167 N.E.2d 703 (1960)." (92 Ill. App. 2d 88, 99-100.) See also *Lynn v. Lynn* (1961), 21 Ill.2d 131, 135; *Peters v. Catt* (1958), 15 Ill.2d 255, 264.

In our opinion the plaintiffs have set forth facts that are sufficient to state a cause of action. The allegation that because LeRoy was about to be drafted and could no longer conduct his farming operation, he transferred all of his property to his brother, Arthur, to be retained by Arthur if LeRoy did not return, but subject to other conditions if he came back from military service, sufficiently describes a fiduciary relationship. "A fiduciary relationship exists where there is special confidence reposed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. It exists where confidence is reposed on one side and resulting superiority and influence is found on the other." *Kolze v. Fordtran* (1952), 412 Ill. 461, 468.

The defendants have characterized the relationship between the two brothers as that of landlord and tenant,

saying:

> "*** The fact is that the complaint alleges a relationship between a landlord and a tenant.
>
> * * *
>
> Landlord-tenant relationship, when the landlord is absent, is very common in Illinois. Tenant performs to the landlord's satisfaction or the tenant is removed. In the case at bar, the testator is landlord and would be more naturally a dominant party than the dependent party. The complaint does refer to Arthur Herbolsheimer as the dominant party and the decedent as the dependent party but this is a pure conclusion."

We are unable to find any allegations in the complaint that tend to support the defendants' assertion that the relationship established was that of landlord and tenant. From what is alleged in the complaint it appears that LeRoy reposed special confidence in Arthur, with resulting superiority and influence on Arthur's part.

The existence of the fiduciary relationship alleged in the complaint, coupled with the allegation that the will was prepared by the attorney retained by Arthur and the fact that Arthur was the sole beneficiary under the will, are sufficient, in our opinion, to require an answer.

The judgments of the circuit and appellate courts are reversed, and the cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*