ROGER HERBOLSHEIMER *et al.*, Plaintiffs-Appellants, *v.* ARTHUR J. HERBOLSHEIMER *et al.*, Adm'rs of the Estate of LeRoy Herbolsheimer, Deceased, Defendants-Appellees.

Third District   No. 76-276

Opinion filed March 21, 1977.

Matthew A. Maloney, of Princeton, for appellants.

John C. Hedrich, of Princeton, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Bureau County, which after a hearing on a complaint to set aside the will of LeRoy Herbolsheimer, deceased, ruled against the plaintiffs and in favor of defendants, and this appeal ensued.

Roger Herbolsheimer and Helen Weiland, nephew and niece of the decedent, LeRoy Herbolsheimer, filed a complaint contesting the decedent's will, in which were named as defendants the brothers of the decedent, Arthur J. Herbolsheimer and Frank Herbolsheimer, and the nephews of the decedent, Earl Herbolsheimer and Melvin Herbolsheimer, as administrators of the estate of LeRoy Herbolsheimer, deceased. Count I of the amended complaint alleged that LeRoy died June 3, 1972, leaving a will dated August 18, 1942, which devised and bequeathed to Arthur J. Herbolsheimer all the real and personal property of LeRoy. It further alleged that at the time of the making of the will Arthur occupied a fiduciary relationship with decedent, LeRoy, as the dependent party, and that Arthur used this position of trust and confidence to have LeRoy execute a will in favor of Arthur. It is also alleged that Arthur employed an attorney to draft LeRoy's will; that an agreement was entered into whereby LeRoy transferred his personal property to Arthur on the condition that Arthur resell it to LeRoy if LeRoy returned from military service after World War II; that LeRoy did return;

and, that all the documents, including a copy of the will, were returned to LeRoy. The complaint also alleged that Arthur took LeRoy to the attorney for execution of the will and that upon the death of LeRoy, Arthur petitioned for letters of administration and stated under oath that LeRoy left no will.

Count II of the amended complaint alleged, in addition to what was alleged in Count I, that LeRoy was taken to the attorney who prepared the documents from information previously given him by Arthur for execution of the said documents by LeRoy; that LeRoy was under great pressure regarding the disposition of a large farming operation due to his leaving for military service; and that the execution of the documents was procured by the undue influence of Arthur over LeRoy and that such influence was so great that it deprived LeRoy of the capacity to make a valid will of his own free will and volition.

This complaint was dismissed on November 20, 1973, after argument of a motion to dismiss filed by defendants. The plaintiffs refused to file a second amended complaint and as a result were adjudged to be in default and judgment was entered for the defendants. Plaintiffs appealed to the Appellate Court of the State of Illinois, Third District, which court affirmed the decision of the trial court (20 Ill. App. 3d 206, 313 N.E.2d 480). The plaintiffs then appealed to the Supreme Court of the State of Illinois, which court reversed the decision of the trial court and ordered the complaint reinstated (60 Ill. 2d 574, 328 N.E.2d 529). Subsequent to the allowing of plaintiffs' motion to reinstate, defendants filed an answer to the first amended complaint.

On July 29, 1975, a motion to substitute parties defendant was filed on the grounds that the letters of administration issued to Earl Herbolsheimer and Melvin Herbolsheimer, administrators of the estate of LeRoy Herbolsheimer, had been revoked and that Melvin Herbolsheimer had been appointed administrator with the will annexed of the estate of LeRoy Herbolsheimer. The court allowed the substitution. Frank Herbolsheimer was made a party defendant as required by law. He took no part in the litigation.

A trial was held before a jury on January 26, 1976. The jury found that the instrument in question was the valid last will and testament of LeRoy Herbolsheimer, deceased.

■■ The first point raised by the plaintiffs is two-fold. First, was the finding of the jury against the manifest weight of the evidence, and second, in the alternative, was any evidence presented which would overcome the presumption of undue influence. Under certain circumstances the presumption of undue influence which will void a will may arise when a fiduciary relationship exists between a testator and another person. In order to raise that presumption, the plaintiff must

prove the following elements: (1) that a fiduciary relationship exists between the testator and a legatee or devisee who receives a substantial benefit from the will; (2) that the testator is the dependent party and the devisee or legatee is the dominant party; (3) that the testator reposes trust and confidence in the devisee or legatee; and (4) that the will is prepared by or its preparation procured by such devisee or legatee. *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91.

■■ The undue influence must be directly connected with the execution of the will. It must be directed toward procuring the will in favor of a particular party or parties. The gravamen of undue influence is that the will of the one exerting the influence is substituted for the will of the testator. (*Mosher v. Thrush* (1949), 402 Ill. 353, 84 N.E.2d 355; *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91; *Knudson v. Knudson* (1943), 382 Ill. 492, 46 N.E.2d 1011; *Lake v. Seiffert* (1951), 410 Ill. 444, 102 N.E.2d 294; *Sterling v. Kramer* (1957), 15 Ill. App. 2d 230, 145 N.E.2d 757.) The bare existence of the fiduciary relationship without the procuring of the execution of the will is insufficient to prove undue influence. *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91.

■■ Once the presumption of undue influence has been raised, the burden shifts to the proponents of the will to prove that the influence exerted over the testator was not so great that it overcame the will of the testator. *Tidholm v. Tidholm* (1945), 391 Ill. 19, 62 N.E.2d 473.

The record here indicates that the instrument in question was executed shortly before LeRoy Herbolsheimer entered military service. He was "scared to death," a not uncommon feeling under those circumstances. However, there is nothing in the record to show that Arthur advised the attorney as to the provisions of LeRoy's will. The record does show that LeRoy appeared at the office of John Naffziger, the attorney who prepared the will and bill of sale. The record is unclear as to whether the will was prepared on the same day as the bill of sale or eight days later, but the record is clear that LeRoy came to the office alone to have his will prepared, that the will was prepared on the same day according to LeRoy's instructions, and that except for the two arresting witnesses, Doris Marine and John Naffziger, LeRoy was alone at the attorney's office when he executed the will. The record also shows that in 1942 Leroy told a friend, Donald Lampkin, that he had a will and it made him feel better.

■■ While we do understand that presence at the execution of the instrument is not a necessary element of undue influence if secret influences are used against the testator by the one procuring the will (*Sterling v. Kramer* (1957), 15 Ill. App. 2d 230, 145 N.E.2d 757; *Mosher v. Thrush* (1949), 402 Ill. 353, 84 N.E.2d 355), we do not find those secret

influences here. The record is also clear that LeRoy was not a man who was easily persuaded. LeRoy conducted his own business affairs. He was 34 years old and in good health when he executed the will. He sold his machinery and stock to Arthur before he entered military service and bought it back after he returned. LeRoy retained his real estate and other personalty during his military service. We feel that this evidence is sufficient to rebut any presumption of undue influence and as a result the finding of the jury was not contrary to the manifest weight of the evidence.

The second point raised was that the trial court erred in refusing the plaintiffs' tendered Instruction No. 8 since it is claimed that this instruction was based on IPI 200.01. The plaintiffs' contention is that the following wording is proper:

"In this case you are to determine by your verdict whether or not the document in question is the valid last will and testament of LeRoy Herbolsheimer.

The plaintiffs claim that the document is not valid because:

(a) A fiduciary relationship exited between the decedent, LeRoy Herbolsheimer, and Arthur Herbolsheimer.

(b) Arthur Herbolsheimer procured the preparation of the will in question, and

(c) Arthur Herbolsheimer was the sole beneficiary under the last will and testament of LeRoy Herbolsheimer.

The defendants deny the claim of the plaintiffs and contend that the document is the valid last will and testament of LeRoy Herbolsheimer."

The defendants argue that the following wording is proper:

"In this case you are to determine by your verdict whether or not the document in question is the valid last will and testament of LeRoy Herbolsheimer.

The plaintiffs claim that the document is not valid because the document was executed as a result of undue influence.

The defendants deny the claim of the plaintiffs and contend that the document is the valid last will and testament of LeRoy Herbolsheimer."

Supreme Court Rule 239 requires that Illinois Pattern Jury Instructions be given when the jury is to be instructed on a subject, if an applicable instruction is available. It has long been and will continue to be our policy to require the use of the Illinois Pattern Jury Instructions unless the trial judge, when considering the facts and prevailing law, finds that the instruction inaccurately states the law. We shall enforce that rule unless we find the trial court has made an erroneous determination of the prevailing law.

■■ Here, IPI No. 200.01 was given when the court accepted Instruction No. 15 tendered by the defendants. We have carefully studied instruction IPI No. 200.01 and its purpose, as well as the committee comments. It appears that the instruction was designed to state the issues in a will contest, not the manner in which those issues might be proven. That is the function of No. 200.03. The issues are to be stated simply and without emphasis. (*McGourty v. Chiapetti* (1962), 38 Ill. App. 2d 165, 186 N.E.2d 102; *Signa v. Alluri* (1953), 351 Ill. App. 11, 113 N.E.2d 475.) We think that explaining the ways in which this issue could be proven as part of the issues instruction gives undue emphasis to the plaintiffs' theory. More important, the instruction as tendered by plaintiffs emphasizes certain elements to the exclusion of others, and is therefore in conflict with instruction No. 200.03. The mere tender of an Illinois Pattern Jury Instruction does not guarantee that it will be given. It must also be properly worded. Since instruction No. 200.01 was given after being tendered by the defendants, the same being properly and concisely worded, we find no error.

■■ The third point raised is that the trial court erred in allowing the defendants to elicit testimony of the decedent's mental state subsequent to the making of the will in question. Witness Olin Okerberg was permitted to testify that there was nothing wrong with LeRoy's mind; he knew what he was doing. Okerberg also testified regarding a statement made by LeRoy Herbolsheimer shortly before his death that LeRoy's will was made out and that Art was to get everything. If the issue in this case were lack of testamentary capacity, rather than undue influence, we would agree with plaintiffs' contention that evidence regarding decedent's mental capacity are relevant only as they pertain to the execution of the will. (*Knudson v. Knudson* (1943), 382 Ill. 492, 46 N.E.2d 1011.) However, when the issue is undue influence, we stand firmly behind the finding of *Mosher v. Thrush* (1949), 402 Ill. 353, 358, 84 N.E.2d 355, 357:

> "It is * * * established that declarations made by a testator in conformity with the provisions of a will are admissible as tending to show lack of undue influence * * *."

■■ The fourth point raised on appeal is that the trial court erred in allowing defendants' Exhibits No. 2 and 3 in evidence. These exhibits were deeds showing real estate transactions among the Herbolsheimer children prior to the execution of the will. They were entered for the purpose of showing the capacity of LeRoy to manage his own affairs at the time of the execution of the will. We find no error.

For the reasons stated above the decision of the trial court is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.